IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114

Civil Action No. _____

                                    Plaintiff,

                    v.

VIZIO, INC.                          **JURY TRIAL DEMANDED**
39 Tesla
Irvine, CA 92618

                                    Defendant.

## COMPLAINT

1.      Plaintiff Jones Day, by its attorneys, alleges as follows:

### Nature of the Action

2.      This is an action for breach of contract and quantum meruit.  The action is
brought by Jones Day against Vizio, Inc. ("Vizio") for Vizio's failure to pay Jones Day for legal
services rendered.

3.      Jones Day provided Vizio legal services for several intellectual property matters
from May 2008 to October 2012.   Jones Day provided those legal services at Vizio's request
pursuant to various engagement letters and agreements all of which required that Vizio pay Jones
Day for those services within 30 days.  Despite repeated requests, Vizio has refused to pay Jones
Day's outstanding invoices relating to those matters in the amount of $6,725,981.

4.      In failing to pay the amounts owed, Vizio has breached its contracts with Jones
Day and profited unjustly.  Vizio has offered no legitimate reason for its failure to pay, and thus
Jones Day is now forced to bring this action to obtain recovery for the outstanding amounts
owed.

**The Parties**

5.      Plaintiff, Jones Day, is a general partnership engaged in the profession and practice of law, organized and existing under the laws of the State of Ohio, with a principal place of business at North Point, 901 Lakeside Avenue, Cleveland, OH 44114.  It is a citizen of the State of Ohio.

6.      Defendant, Vizio, is a corporation organized under the laws of the state of California, with its principal place of business at 39 Tesla, Irvine, CA 92618.  It is a citizen of the State of California.

**Jurisdiction and Venue**

7.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, as the parties are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8.      Vizio is subject to personal jurisdiction in this district pursuant to D.C. Code §13-423(a)(1) as it transacted business in the District of Columbia by retaining the legal services of Jones Day to be performed substantially in the District of Columbia.

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) as "a substantial part of the events or omissions giving rise to the claim occurred" in the District of Columbia.

**Factual Background**

10.      Plaintiff Jones Day realleges and incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 9.

11.      Vizio retained Jones Day in or about May 2011 to bring a complaint against nine separate entities before the International Trade Commission for alleged violations of numerous patents that Vizio owns (the "ITC Action").  Vizio and Jones Day agreed that Jones Day would

provide, and Vizio would pay for, Jones Day's legal services in filing the complaint and pursuing

the ITC Action.  The ITC case was primarily staffed and run out of Jones Day's Washington,

D.C. office.

12.     At the time, Jones Day was serving and had previously served as counsel for

Vizio in various other legal matters.  The large majority of those matters involved intellectual

property disputes, several of which were before the ITC.  All of those matters were being

conducted subject to engagement letters and based on Vizio's agreement that it would pay for

Jones Day's legal services within 30 days of receiving invoices.

13.     Following the filing of the ITC Action, several respondents settled.  A number of

respondents, however – including Renesas Electronics Corporation and Renesas Electronics

America (collectively "Renesas") – resisted vigorously.  Most notably, Renesas and another

respondent filed a countersuit against Vizio, as Jones Day had advised Vizio some or all of the

respondents might do.  That countersuit and the respondents' unwillingness to settle the ITC

Action led to intense, protracted litigation.  Renasas' countersuit alleged that Vizio had infringed

several of its patents.  After discovery in both suits concluded and with a trial rapidly

approaching, Jones Day was able to negotiate a favorable resolution of the ITC Action and

countersuit, but it included a payment by Vizio to Renesas of approximately $4 million.

14.     Upset with having to make a $4 million settlement payment to resolve the cases,

Vizio asserted that Jones Day should bear the costs of the Renesas settlement.  In an effort to

justify its shift of the planned settlement expense from Vizio to Jones Day, Vizio asserted – after

the litigation was resolved and for the first time – that Jones Day failed to inform Vizio that the

two Renesas entities would be named as respondents in the initial ITC Action.

15.     This excuse for not paying has no basis in fact.  Jones Day lawyers who worked on the ITC Action and the Renesas countersuit recall clearly and specifically informing Vizio management on more than one occasion who would be named as respondents in the ITC Action and why.

16.     The ITC Complaint itself establishes that Vizio knew who it was suing.  Robert Brinkman, the Chief Operating Officer, verified the ITC Complaint at the time it was filed.  Mr. Brinkman informed the Commission that he had read the Complaint; that he was "aware of its contents;" and that it was "based upon a reasonable inquiry."  The "contents" of the Complaint included the two Renesas entities being named as respondents, along with the other respondents.  The "contents" also included the first paragraph of the Complaint, which referred to Renesas seven separate times.  The "contents" of the Complaint fully described the Renesas entities on pages 4 and 5.  The Complaint's Table of Contents and Table of Exhibits both identified and listed the Renesas entities.

17.     While Mr. Brinkman was the only Vizio executive who swore under oath that he had read the Complaint and signed a verification vouching for its factual accuracy, other members of Vizio's management team also reviewed the Complaint prior to its filing with the Commission.  Jerry Huang, the Vice President of Legal Affairs for Vizio and Vizio's top legal officer, reviewed a draft of the ITC Complaint the day before it was filed.  His careful review is reflected in the comments that he personally embedded in the draft Complaint and then returned to Jones Day.  One of Mr. Huang's embedded comments is found on page 4 of the Complaint, the same page on which one of the Renesas entities is described.  The entity's name **— Renesas Electronics Corporation —** appears in bold type on that page.  All of Mr. Huang's embedded

comments were incorporated or addressed by Jones Day in the Complaint that was filed the day after he reviewed it.

18.     Jones Day's alleged failure to inform Vizio that it had sued the Renesas entities in the ITC Action is the only purported justification Vizio has offered for not paying Jones Day for its services on the ITC Action.

19.     Jones Day submitted monthly statements to Vizio for payment from August 2008 to November 2012.  For the ITC Action, Vizio made regular payments of the monthly invoices for the first 11 months, for invoices dated June 2011 to April 2012.  However, Vizio has refused to pay Jones Day for any of the services for the ITC Action detailed in its monthly invoices dated June to November 2012.

20.     Despite repeated requests, Vizio has refused to pay for Jones Day's services not only on the ITC Action and countersuit, but also on unrelated litigation and matters that Jones Day was handling for the company.  Of the $6,725,981, plus interest owed by Vizio to Jones Day, $1,777,600 relates to matters having nothing to do with the ITC Action or the countersuit involving the Renesas respondents.  Vizio has offered no excuse for nonpayment of this portion of the overall total.

21.     Vizio's failure to pay the outstanding amounts owed is in direct breach of its agreements with Jones Day.  As of the date of this Complaint, Vizio owes Jones Day a total of $6,725,981, plus interest.  This action seeks payment on all amounts rightfully owed.

## Count I:  Breach of Contract

22.     Plaintiff Jones Day realleges and incorporates by reference as though fully set forth herein the allegations contained in paragraphs 1 through 21.

23.     Defendant Vizio entered into valid and binding agreements with Jones Day and agreed to pay for all legal services performed and costs incurred.

24.     Jones Day provided the requested legal services to Vizio and provided invoices for payment.

25.     Vizio has failed to make payment on the full amounts owed under those invoices. Vizio currently owes Jones Day $6,725,981, plus interest.

26.     Vizio's failure to pay the full amount due Jones Day constitutes a material breach of its agreements with Jones Day.

27.     As a result, Jones Day has suffered damages in the amount of $6,725,981, plus interest, attorneys' fees and costs of collection, for which Vizio is liable.

## Count II:  Quantum Meruit

28.     Plaintiff Jones Day realleges and incorporates by reference as though fully set forth herein the allegations contained in paragraphs 1 through 27.

29.     Defendant Vizio requested and received legal services from Jones Day on a variety of matters including the ITC Action and countersuit.  Vizio benefited from the legal services Jones Day provided, and the costs Jones Day incurred, on Vizio's behalf.  By not paying for these legal services despite numerous requests for payment, Vizio has been unjustly enriched at Jones Day's expense.

30.     In the alternative to its claims for breach of contract, Jones Day seeks recovery in quantum meruit for the reasonable value of the unpaid legal services provided to Vizio, and the costs incurred on Vizio's behalf, in the amount of $6,725,981, plus interest.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff Jones Day respectfully demands the entry of judgment against defendant Vizio:

a. For the outstanding receivable amount of $6,725,981 owed to Jones Day by Vizio, plus interest;

b. For attorneys' fees and costs incurred in the collection of the amounts owed;

c. For such other further additional relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all claims so triable in this action.

Dated: December 3, 2012

Respectfully submitted,

By:     /s/ Henry W. Asbill
_____
JONES DAY

Henry W. Asbill (D.C. Bar No. 938811)
51 Louisiana Avenue, N.W.
Washington, DC 20001-2113
(202) 879-5414
hasbill@jonesday.com

Kerri L. Ruttenberg (D.C. Bar No. 467989)
51 Louisiana Avenue, N.W.
Washington, DC 20001-2113
(202) 879-5419
kruttenberg@jonesday.com

Richard S. Ruben*
3161 Michelson Drive, Suite 800
Irvine, CA 92612
(949) 553-7565
rruben@jonesday.com

*Counsel for Plaintiff*

*Motion for Admission Pro Hac Vice Forthcoming*